UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GEORGE SACKO,                                    :
    *Plaintiff,*                                :
                                             :
    vs.                                      :    C.A. No.  1:25-cv-00496
                                             :
TPG 100 SABIN HOTEL, LLC d/b/a                   :    PLAINTIFF HEREBY
RESIDENCE INN BY MARRIOTT                        :    DEMANDS A TRIAL
PROVIDENCE DOWNTOWN,                             :
JOHNATHAN MERRIOTT,                              :
CITY OF PROVIDENCE, by and through its           :
Treasurer Shomari Husband,                       :
OFFICER KAYLA FACEY,                             :
OFFICER FLAVIO TAVARES,                          :
OFFICER ALEXANDER WAGONER, and                   :
JOHN DOES 1-5,                                   :
    *Defendants*.                            :

## AMENDED COMPLAINT

### INTRODUCTION

1.    Plaintiff George Sacko ("Mr. Sacko") is a Black man and resident of Providence, Rhode Island.  Mr. Sacko brings this action to seek redress for injuries that he suffered as a result of Defendant TPG 100 Sabin Hotel, LLC d/b/a Residence Inn by Marriott's racially discriminatory denial of public accommodations and the right to contract.

2.    Defendant TPG 100 Sabin Hotel, LLC d/b/a Residence Inn by Marriott Providence Downtown ("Residence Inn") offers public accommodations at a hotel located in Providence, Rhode Island, known as the Residence Inn by Marriott Providence Downtown.  On September 29, 2024, Defendant Residence Inn, by and through its agents and/or employees, namely, Defendant Johnathan Merriott, denied Mr. Sacko the use and enjoyment of the benefits, privileges, terms, and conditions that they extend to all other similarly situated guests and invitees.  Defendant Residence Inn breached its contract with Mr. Sacko, and by and through its agents and/or employees namely, Defendant Johnathan Merriott, discriminated against him in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, 42 U.S.C. § 1983, R.I. Gen. Law § 9-1-35, and R.I. Gen. Law § 42-112-1.

1

3.    Mr. Sacko also brings this action to seek redress for injuries that he suffered as a result of Defendant Providence Police Department's discriminatory and unlawful arrest of Mr. Sacko. Providence Police Department officers arrested Mr. Sacko because he invoked his constitutional rights not to answer their questions during the course of an investigation stemming from Defendant Residence Inn's racially discriminatory denial of public accommodations to Mr. Sacko. Defendant City of Providence, by and through the police officers it employees at the Providence Police Department, discriminated against him in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the R.I. Gen. Laws § 42-112-1.

## JURISDICTION AND VENUE

4.    The Court has subject matter jurisdiction over Mr. Sacko's claims under the U.S. Constitution, 42 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343 (civil rights).  The Court has supplemental jurisdiction over Mr. Sacko's state law claims under 28 U.S.C. § 1367.

5.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) because the acts and omissions at issue in this lawsuit occurred within the District.

## NOTICE OF CLAIM

6.    Prior to instituting the within action against the City of Providence, Mr. Sacko complied with R.I.G.L. § 45-15-5, and more than forty (40) days have elapsed since Mr. Sacko made presentment of his claim to the City of Providence without receiving just and due compensation from the said City.

## PARTIES

7.    Plaintiff George Sacko is a resident of the City of Providence, Rhode Island.

8.    Defendant Residence Inn is a foreign limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 1140 Reservoir Ave, Cranston, RI.

9.    Defendant Johnathan Merriott ("Defendant Merriott") was, at all times relevant to this Complaint, an employee of the Residence Inn. Upon information and belief, Defendant Merriott is a resident of Rhode Island. Defendant Merriott is being sued in his individual capacity.

2

10. Defendant City of Providence is a municipal corporation existing under the laws of the State of Rhode Island, and Shomari Husband is the Finance Director and City Treasurer.

11. Defendant Officer Kayla Facey ("Officer Facey") was, at all times relevant to this Complaint, a duly appointed officer of the Providence Police Department. At all times relevant to this Complaint, Officer Facey acted within the usual course and scope of her employment with the City of Providence. Defendant Facey is sued in her individual capacity.

12. Defendant Officer Flavio Tavares ("Officer Tavares") was, at all times relevant to this Complaint, a duly appointed officer of the Providence Police Department. At all times relevant to this Complaint, Officer Tavares acted within the usual course and scope of his employment with the City of Providence. Defendant Officer Tavares is sued in his individual capacity.

13. Defendant Officer Alexander Wagoner ("Officer Wagoner") was, at all times relevant to this Complaint, a duly appointed officer of the Providence Police Department. At all times relevant to this Complaint, Officer Wagoner acted within the usual course and scope of his employment with the City of Providence. Defendant Officer Wagoner is sued in his individual capacity.

14. The true names and titles of Defendants sued as John Does 1-5 are unknown to Mr. Sacko. Mr. Sacko therefore sues said Defendants under fictitious names. Mr. Sacko will seek leave to amend this Complaint to reflect their true names and titles when ascertained. At all times pertinent to this Complaint, John Does 1-5 each were employees or agents of the Providence Police Department. At all times relevant to this Complaint, they acted within the course and scope of that relationship. Their actions were taken under the color of the laws of the State of Rhode Island. They are sued in their individual capacities.

## FACTS

15. The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

16. Plaintiff George Sacko is a Black man.

### *Racial Discrimination at Residence Inn Hotel*

17.     On or about September 29, 2024, Mr. Sacko was a lawful guest at Defendant Residence Inn's hotel located at 100 Sabin St, Providence, RI 02903 (the "Hotel").

18.     Mr. Sacko had been a guest at the Hotel for approximately one month prior to September 29, 2024, due to ongoing repairs at his residence.

19.     Mr. Sacko had spent the previous night away from the Hotel, so upon his return to the Hotel he spoke with an employee at the front desk and informed the front desk employee that he would be using his room that day.

20.     On or about September 29, 2024, after checking in at the front desk, Mr. Sacko was enjoying his complimentary breakfast in the lobby of the Hotel when he was approached by Residence Inn employee Defendant Merriott and was rudely questioned about his status as a guest at the Hotel.

21.     During the course of his exchange with Mr. Sacko, Defendant Merriott used racially derogatory language and demanded that Mr. Sacko leave the Hotel.

22.     Mr. Sacko told Defendant Merriott that he was a lawful guest at the Hotel, declined to provide Defendant Merriott with his personal information, and refused to leave the Hotel.

23.     Upon hearing that Mr. Sacko would not follow his demands, Defendant Merriott called the Providence Police Department and reported Mr. Sacko's refusal to leave the Hotel's premises.

### *Police Misconduct*

24.     Following Defendant Merriott's complaint to the Providence Police Department, Defendant Officers Facey, Tavares and Wagoner of the Providence Police Department arrived at the Hotel to investigate the situation.

25.     Upon her arrival, Officer Facey spoke with Defendant Merriott concerning Mr. Sacko's presence at the Hotel and then proceeded to question Mr. Sacko.

26.     Mr. Sacko filmed the interaction with the Providence Police officers on his cell phone throughout the course of their investigation.

27.     Mr. Sacko informed Defendant Officer Facey that the front desk had his name.

4

28.     Defendant Facey continued to question Mr. Sacko, at which time Mr. Sacko exercised his Fifth Amendment Right and refused to provide his identity.

29.     Defendant Facey informed Defendant Merriott that Mr. Sacko refused to provide his identity, at which time Defendant Merriott requested that a No Trespass order be issued.

30.     In the Incident Report generated by the Providence Police following this interaction, the only reason identified for Defendant Merriott's request for a No Trespass order was based upon Mr. Sacko's refusal to provide his identity.

31.     Defendant Officer Facey then returned to Mr. Sacko and again asked him to provide his identity in order to issue the No Trespass order.

32.     Mr. Sacko continued to exercise his Fifth Amendment Right and refused to provide his identity.

33.     Due to Mr. Sacko's refusal to provide his identity, Defendant Officer Tavares decided to place Mr. Sacko under arrest for "obstruction." Defendant Officer Tavares then instructed Mr. Sacko to stand up, placed him in handcuffs, and searched him incident to arrest. Defendant Officers Facey and Tavares then suddenly escorted Mr. Sacko to Defendant Officer Facey's police cruiser. Based on the Providence Police officers' sudden use of physical force, their threatening conduct, and the fact that they carried sidearms, Mr. Sacko reasonably believed that they would subject him to violence unless he submitted to the arrest.

34.     During Defendant Officer Facey and/or Tavares' search of Mr. Sacko, the officer(s) discovered Mr. Sacko's room key issued to him by Defendant Residence Inn for his stay at the Hotel.

35.     Upon the discovery of Mr. Sacko's room key, Officer Wagoner approached Mr. Sacko while he was detained in Defendant Officer Facey's police cruiser and once again asked Mr. Sacko to provide his name to issue the No Trespass order and stated that "no arrest would be made" if he provided his identity.

36.     When Mr. Sacko failed to provide his identity to Defendant Officer Wagoner, the Providence Police proceeded to wrongfully arrest and imprison Mr. Sacko.

37.     Defendant Officer Facey transported Mr. Sacko to the Providence Detention Center, where he was jailed for approximately twelve hours before being released.

38.     During his detention, Mr. Sacko was handcuffed for an excessive length of time, during which he urinated on himself.

39.     Upon information and belief, the Providence Police Department prolonged and intensified its detention of Mr. Sacko both because he was filming and because he invoked his right to decline to answer the Providence Police officers' questions.

40.     Mr. Sacko was given a Notice to Appear, which charged him with violating R.I. Gen. Laws § 11-32-1 – Obstructing Officer in Execution of Duty.  In the end, however, the charges were dismissed less than a month after Mr. Sacko's arraignment.

41.     Defendants thus harmed Mr. Sacko: they violated and chilled his exercise and enjoyment of core constitutional rights, humiliated him, subjected him to racial discrimination in the denial of public accommodations, the right to contract, and otherwise deprived him of his liberty.

42.     As a result of the above-described encounter, Mr. Sacko has sustained emotional harm in the form of PTSD, personal injuries, pain and suffering, loss of enjoyment of life, has undergone medical treatment and incurred expenses, and has otherwise sustained damages.

## CLAIMS FOR RELIEF

### COUNT I
**Unlawful Discrimination (42 U.S.C. §1981)**
*Against Defendants Residence Inn and Johnathan Merriott*

43.     The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

44.     In offering rooms for rent, Defendant Residence Inn extended Mr. Sacko an offer to accept a contract.

45.     Mr. Sacko accepted Defendant Residence Inn's offer and paid for his room at the Hotel.

46.     While Mr. Sacko was enjoying the accommodations at the Hotel, just as other guests were doing, he was singled out by Defendant Merriott, questioned about his status as a guest, subjected to racial slurs, and forced to endure an unwarranted police interrogation.

6

47.      By discriminating against Mr. Sacko on the basis of his race, Defendants Residence Inn and Johnathan Merriott have denied Mr. Sacko the same right to enjoy the benefits, privileges, terms, and conditions of contract as is and was enjoyed by non-Black citizens, in violation of Mr. Sacko's rights under the Civil Rights Act of 1866, 42 U.S.C. §1981.

48.      As a result of the discriminatory conduct carried out by Defendants Residence Inn and Johnathan Merriott, Mr. Sacko has suffered damages. These damages include, but are not limited to, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged.

## COUNT II
### Racial Harassment (R.I. Gen. Laws § 9-1-35)
### *Against Defendants Residence Inn and Johnathan Merriott*

49.      The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

50.      As detailed hereinabove, Defendant Merriott, during the course of his employment with Defendant Residence Inn, made racially derogatory remarks to Mr. Sacko when rudely questioning him about his status as a guest at the Hotel.

51.      Defendant Merriott's conduct during his interaction with Mr. Sacko constitutes racial harassment under R.I. Gen. Laws § 9-1-35.

52.      As a direct and proximate result of Defendant Merriott's racial harassment as set forth above, Mr. Sacko has suffered damages. These damages include, but are not limited to, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged.

## COUNT III
### Slander *Per Se*
### *Against Defendants Residence Inn and Johnathan Merriott*

53.      The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

54.      As detailed hereinabove, Defendant Merriott, during the course of his employment with Defendant Residence Inn, made false and defamatory statements to the Providence Police concerning the Mr. Sacko, including, but not limited to, stating that Mr. Sacko was unlawfully on the Hotel premises.

55.     Defendant Merriott's statements were published with a level of fault that was either negligent or intentional and malicious.

56.     Defendant Merriott's statements alleged serious accusations against Mr. Sacko such that he has been defamed *per se*.

57.     As a direct and proximate result of Defendant Merriott's defamatory statements as set forth above, Mr. Sacko has suffered damages. These damages include, but are not limited to, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged.

## COUNT IV
### Civil Liability (R.I. Gen. Laws § 42-112-2)
### *Against Defendants Residence Inn and Johnathan Merriott*

58.     The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

59.     Mr. Sacko was subject to racial profiling when Defendant Merriott forcefully questioned Mr. Sacko about his status as guest at the Hotel.

60.     By discriminating against Mr. Sacko on the basis of his race, Defendants Residence Inn and Johnathan Merriott denied Mr. Sacko the same right to enjoy the benefits, privileges, terms, and conditions of contract as is and was enjoyed by non-Black citizens, in violation of R.I. Gen. Laws § 42-112-1.

61.     As a result of the discriminatory conduct carried out by Defendants Residence Inn and Johnathan Merriott, Mr. Sacko has suffered damages. These damages include, but are not limited to, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged.

## COUNT V
### *Respondeat Superior*
### *Against Defendant Residence Inn*

62.     The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

63.     Mr. Sacko is informed and believes, and based on that information and belief, alleges that at all times mentioned in this Complaint, Defendant Merriott was the agent and/or

8

employee of Defendant Residence Inn, and in doing the things alleged in this Complaint was acting within the course and scope of such agency and employment.

64.    As a direct and proximate result of Defendant Merriott's discriminatory conduct and/or defamatory statements as set forth above, Mr. Sacko has suffered damages. These damages include, but are not limited to, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged.

## COUNT VI
### Negligent Hiring, Training, and Supervision
#### *Against Defendant Residence Inn*

65.    The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

66.    Upon information and belief, Defendant Residence Inn hires, trains, and supervises employees to interact with guests at its Hotel, including, but not limited to, Defendant Merriott.

67.    Defendant Merriott was unfit and/or incompetent to perform the work for which he was hired, trained, and supervised, and Defendant Residence Inn knew or should have known that Defendant Merriott was unfit and/or incompetent and that his unfitness and/or incompetence created a risk of reasonable harm to its guests, including Mr. Sacko and/or others lawfully upon the Hotel's premises.

68.    As a direct and proximate result of Defendant Residence Inn's negligent acts and omissions as set forth above, Mr. Sacko has suffered damages. These damages include, but are not limited to, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged.

## COUNT VII
### Violation of Fourth Amendment (42 U.S.C. § 1983)
#### *Against Defendant Officers Facey, Tavares, and Wagoner*

69.    The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

70.    Defendant Officers Facey, Tavares, and Wagoner acted with reckless disregard for Mr. Sacko's constitutional rights.

71.     Defendant Officers Facey, Tavares, and Wagoner violated Mr. Sacko's Fourth Amendment rights by subjecting him to an unreasonable seizure at the Hotel.  They unreasonably seized and detained Mr. Sacko without reason to suspect he was involved in a crime and escalated his detention beyond the permissible scope of an investigatory stop without reasonable probable cause.

72.     Defendant Officers Facey, Tavares, and Wagoner also violated Mr. Sacko's Fourth Amendment rights by his arrest.  They relied on an invalid basis—Mr. Sacko's refusal to answer questions about his identity—to arrest him for violation of R.I. Gen. Laws § 11-32-1.

73.     As a direct and proximate result of Defendant Officers Facey, Tavares, and Wagoner's violation of Mr. Sacko's Fourth Amendment rights, Mr. Sacko has suffered damages. These damages include, but are not limited to, personal injuries, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged in violation of 42 U.S.C. § 1983.

### COUNT VII
**Unlawful Discrimination in Violation of Fourteenth Amendment (42 U.S.C. §1983)**
*Against Defendant Officers Facey, Tavares, and Wagoner*

74.     The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

75.     Defendant Officers Facey, Tavares, and Wagoner, acting under the color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Mr. Sacko to be discriminated against and profiled based on his race in derogation of his constitutional right to be free from unlawful racial discrimination and profiling, causing Mr. Sacko to sustain damages as aforesaid, and thereby deprived Mr. Sacko of his rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

76.     As a direct and proximate result of Defendant Officers Facey, Tavares, and Wagoner's violation of Mr. Sacko's Fourteenth Amendment rights, Mr. Sacko has suffered damages. These damages include, but are not limited to, personal injuries, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged in violation of 42 U.S.C. § 1983.

## COUNT VIII
### Violation of First Amendment (42 U.S.C. § 1983)
*Against Defendant Officers Facey, Tavares, and Wagoner*

77.     The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

78.     Upon information and belief, Defendant Officers Facey, Tavares, and Wagoner unlawfully retaliated against Mr. Sacko for exercising his First Amendment right to speak. Defendant Officers Facey, Tavares, and Wagoner unreasonably prolonged and intensified Mr. Sacko's detention, arrested him, and caused him to be jailed to retaliate against him for verbally expressing disagreement with them about their interpretations of the law and facts, including whether he had a right to remain silent in the face of their questioning about his identity.

79.     Under the First Amendment, Mr. Sacko had a right to film the officers in the course of their official duties.

80.     Upon information and belief, Defendant Officers Facey, Tavares, and Wagoner unreasonably prolonged and intensified Mr. Sacko's detention, arrested him, and caused him to be jailed to interfere with and retaliate against his exercise of his right to film their conduct during their investigatory stop.

81.     As a direct and proximate result of Defendant Officers Facey, Tavares, and Wagoner's violation of Mr. Sacko's First Amendment rights, Mr. Sacko has suffered damages. These damages include, but are not limited to, personal injuries, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged in violation of 42 U.S.C. § 1983.

## COUNT IX
### Violation of First, Fourth, and Fourteenth Amendment (42 U.S.C. § 1983)
*Against Defendants Doe 1-5*

82.     The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

83.     Defendants Doe 1-5, acting under the color of state law, by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused Mr. Sacko to be discriminated against and profiled based on his race in derogation of his constitutional rights to be free from unlawful racial discrimination and profiling, to be free

11

from wrongful arrest and imprisonment, and by restricting his freedom speech, causing Mr. Sacko to sustain damages as aforesaid, and thereby deprived Mr. Sacko of rights secured under the First, Fourth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

84. As a direct and proximate result of Defendant Doe 1-5's violation of Mr. Sacko's First, Fourth, and Fourteenth Amendment rights, Mr. Sacko has suffered damages. These damages include, but are not limited to, personal injuries, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged in violation of 42 U.S.C. § 1983.

**<u>COUNT X</u>**
**Municipal Liability (42 U.S.C. § 1983)**
***Against Defendant City of Providence***

85. The foregoing allegations are realleged and incorporated herein

86. Upon information and belief, Defendant City of Providence developed and maintained customs, policies, and/or practices exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Mr. Sacko's rights.

87. Upon information and belief, it was the custom, policy, and/or practice of the City of Providence to provide no training or grossly inadequate training to its police officers regarding the following: their duties, responsibilities, and conduct towards individuals; preventing abuse of authority; communicating with citizens; and tactics for approaching and otherwise deescalating situations.

88. Upon information and belief, it was the policy and/or custom or practice of the City of Providence to conduct grossly inadequate screening in the hiring of its police officers regarding the officers' propensities for violence, abuse of authority, and bias towards citizens.

89. Upon information and belief, it was the policy and/or custom or practice of the City of Providence to provide grossly inadequate supervision, discipline, and remediation to its police officers.

90. Upon information and belief, the City of Providence has been deliberately indifferent in training, supervising, and disciplining its police officers regarding their duties, responsibilities, and conduct towards citizens; use of force; preventing abuse of authority; and

tactics for approaching and otherwise de-escalating situations with citizens, so as to avoid the victimization of citizens.

91.    Upon information and belief, the City of Providence has been deliberately indifferent in screening and hiring its police officers who demonstrate their propensities for violence, abuse of authority, and bias towards citizens.

92.    As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies, and deliberate indifference on the part of the City of Providence, Mr. Sacko was deprived of his constitutional rights and was injured. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Providence to the constitutional rights of persons within the City and were the cause of the violations of Mr. Sacko's rights alleged herein.

93.    As a direct and proximate result of the City of Providence's violation of Mr. Sacko's constitutional rights, Mr. Sacko has suffered damages. These damages include, but are not limited to, personal injuries, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged in violation of 42 U.S.C. § 1983.

### COUNT XI
**Civil Liability (R.I. Gen. Law § 42-112-2)**
*Against Defendant Officers Facey, Tavares, and Wagoner*

94.    The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

95.    Despite discovering his room key prior to removing him from the Hotel premises, Defendant Officers Lacey, Tavares, and Wagoner denied Mr. Sacko the same right to enjoy the benefits, privileges, terms, and conditions of contract as is and was enjoyed by non-Black citizens, in violation of R.I. Gen. Laws § 42-112-1.

96.    As a direct and proximate result of Defendant Officers Lacey, Tavares, and Wagoner's interference with Mr. Sacko's right to contract, as set forth above, Mr. Sacko has suffered damages. These damages include, but are not limited to, pain and suffering, emotional distress, loss of enjoyment of life, medical treatment and expenses, and has been otherwise damaged.

## COUNT XII
### Negligence Under State Law
### *Against the City of Providence*

97.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

98.     At all times, Defendant City of Providence owed members of the public, including Mr. Sacko, the duty to act with reasonable care, including but not limited to adequate training, supervising, and disciplining of its employees regarding the de-scalation of conflicts.

99.     Defendant City of Providence breached the duty of care by failing to provide adequate training, supervision, and discipline to its employees regarding the use the de-scalation of conflicts and the constitutional requirement that persons be arrested only upon probable cause.

100.    To the extent any of the foregoing allegations of negligence are inconsistent with the allegations in support of Mr. Sacko's claims against the City of Providence under 42 U.S.C. § 1983, the allegations of negligence are pleaded in the alternative, consistent with Rule 8(d)(2) of the Federal Rules of Civil Procedure.

101.    As a direct and proximate result of Defendant City of Providence's acts and/or omissions, Mr. Sacko suffered the above-described damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff George Sacko requests relief as follows:

   a.   Award compensatory and punitive damages against Defendants Residence Inn and Johnathan Merriott for the above violations of federal and state law;

   b.   Award exemplary damages against Defendants Residence Inn and Johnathan Merriott pursuant to R.I. Gen. Law § 42-112-2;

   c.   Award compensatory and punitive damages against Defendant Officers Facey, Tavares, and Wagoner for the above violations of federal and state law;

   d.   Award compensatory damages against Defendant City of Providence or the above violations of federal and state law;

   e.   Award exemplary damages against Defendant Officers Facey, Tavares and Wagoner pursuant to R.I. Gen. Law § 42-112-2;

14

f.   Award reasonable attorneys' fees and costs against all Defendants pursuant to 42 U.S.C. § 1988 for the prosecution of the Plaintiff's 42 U.S.C. § 1983 claims.

g.   Award reasonable attorneys' fees and costs against all Defendants pursuant to R.I. Gen. Law § 42-112-2.

h.   Award prejudgment interest on any award of damages to the extent permitted by law;

i.   Grant such other relief as the Court may deem appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

Plaintiff, George Sacko,
By his Attorneys,


/s/ Christian W. Tracy
Christian W. Tracy, Esq.        Bar No. 9797
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
Telephone: 401.223.2990
Facsimile: 877.548.4539
Email: ctracy@bbsolaw.com


Dated: October 6, 2025