MJC:CDH:maz 95500 \Pleadings\95500 4a MISO Mot to Dismiss 12-30-25

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GEORGE SACKO | : | |
| | : | |
| VS. | : | C.A. NO. 1:25-cv-00496 |
| | : | |
| TPG SABIN HOTEL, LLC d/b/a RESIDENCE INN BY MARRIOT PROVIDENCE DOWNTOWN, ET AL | : | |

**DEFENDANT OFFICERS KAYLA FACEY, FLAVIO TAVARES AND ALEXANDER WAGONERS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

## I. INTRODUCTION

This is a civil rights action wherein the Plaintiff, George Sacko, filed a thirteen-count complaint[1] against seven Defendants[2] for an incident that occurred on September 29, 2024. In essence, the amended complaint alleges that the Hotel wanted a no trespass order issued against the Plaintiff and when the Plaintiff refused to provide his identity to police so that a no trespass order could be issued, the plaintiff was arrested for obstructing an officer in the execution of duty under R.I.G.L. § 11-32-1.

The Plaintiff has alleged four counts against officers Kayla Facey, Flavio Tavares, and Alexander Wagoner (collectively "Defendant Officers"): Count VII – Violation of Fourth Amendment

[1] The Plaintiff filed an initial complaint on September 29, 2025, and filed an amended complaint on October 6, 2025. The only change to the amended complaint was the spelling of Defendant Johnathan Merriott (originally spelled "Jonathan").

[2] The named Defendants are TPG Sabin Hotel, LLC d/b/a Residence Inn by Marriott Providence Downtown ("Hotel"), Johnathan Merriott, City of Providence, by and through its Treasurer Shomari Husband, Officer Kayla Facey, Officer Flavio Tavares, Officer Alexander Wagoner, and John Does 1-5.

(42 U.S.C. § 1983); Count VII – Unlawful Discrimination in Violation of Fourteenth Amendment (§ 1983); Count VIII – Violation of First Amendment (§ 1983); and Count XI – Civil Liability (R.I.G.L. § 42-112-2). As further explained below, these counts should be dismissed because they fail to state a claim upon which relief may be granted and rely on non-factual conclusory allegations.

## II. FACTS

On September 29, 2024, Plaintiff alleges he was a guest for approximately one month at the Hotel located at 100 Sabin Street in Providence, Rhode Island. Pl.'s 1st Am. Compl. ¶ 17-18. The Plaintiff spent a night away from the Hotel and returned on September 29, 2024. *Id.* at ¶ 19. Upon his return, the Plaintiff claims that he told the Hotel's front desk employee that he would use his room that day. *Id.* The Plaintiff then proceeded to enjoy the Hotel's complimentary breakfast which is offered to guests at the Hotel. *Id.* at ¶ 20. During this time, Defendant Johnathan Merriott - a Hotel employee – questioned the Plaintiff about his status as a guest at the Hotel. *Id.* An exchange occurred between Defendant Merriott and Plaintiff during which the Plaintiff alleges that Defendant Merriott used "racially derogatory language" and demanded that he leave the Hotel. *Id.* at ¶ 21. The Plaintiff refused to provide the Hotel with his personal information and refused to leave the Hotel. *Id.* at ¶ 22. Thereafter, Defendant Merriott called the Providence Police Department to report that the Plaintiff refused to leave the Hotel. *Id.* at ¶ 23.

The Defendant Officers arrived at the Hotel to investigate the situation. *Id.* at ¶ 24. Officer Facey spoke with Defendant Merriott and the Plaintiff. *Id.* at ¶ 25. The Plaintiff told officer Facey that the front desk had his name, exercised his Fifth Amendment Right, and refused to provide his identity. *Id.* at ¶ 27-28. Officer Facey informed Defendant Merriott that the Plaintiff refused to provide his identity, so the Hotel requested that a no trespass order be issued against the Plaintiff. *Id.*

at ¶ 29. Officer Facey then asked the Plaintiff for his identity so a no trespass order could be issued. *Id.* at ¶ 31. The Plaintiff exercised his Fifth Amendment Right and refused to provide his identity to the police. *Id.* at ¶ 32.

Since the Plaintiff refused to provide his identity to police so a no trespass order could be issued, he alleges that Officer Tavares placed him under arrest for obstructing an officer in the execution of their duty under § 11-32-1, placed him in handcuffs, and searched him incident to arrest. *Id.* at ¶ 33, 40. The Plaintiff was then escorted to a police cruiser by officers Facey and Tavares. *Id.* at ¶ 33. A room key was discovered during the search so Officer Wagoner asked the Plaintiff to provide his name to issue the no trespass order and stated "no arrest would be made" if he provided his identity. *Id.* at ¶ 34-35. The Plaintiff again failed to provide his identity to Officer Wagoner and was transported to the Providence Detention Center. *Id.* at ¶ 36. The Plaintiff also alleges that he was jailed for approximately twelve hours before he was released and during his detention, he was handcuffed for an excessive length of time and urinated himself. *Id.* at ¶ 37-38.

## III. **STANDARD OF REVIEW**

When reviewing a motion to dismiss, this court employs a two-part analysis. *Ocasio-Hernandez v. Fortuno-Burset,* 640 F.3d 1, 12 (1st Cir. 2011). First, "[i]t should begin by identifying and disregarding statements in the complaint that merely offer 'legal conclusion[s] couched as … fact[ ]' or '[t]hreadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Id.* Then, non-conclusory factual allegations must be treated as true. *Id.* "'The make-or-break standard … is that the combined allegations, taken as true,

must state a plausible, not a merely conceivable, case for relief.'" *Id.* (quoting *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.)).

## IV. ARGUMENT

The four counts alleged against the Defendant Officers should be dismissed because they rely on non-factual conclusory allegations and the Plaintiff's own admissions prove that all counts fail to state a claim upon which relief may be granted. Each count will be addressed in turn.

### A. Count VII – Violation of Fourth Amendment (§ 1983)

This count alleges that the Defendant Officers subjected Plaintiff to an unreasonable seizure at the Hotel because they detained Plaintiff without reason to suspect he was involved in a crime, escalated his detention beyond the permissible scope of an investigatory stop without reasonable probable cause, and relied on an invalid basis – Plaintiff's refusal to answer questions about his identity – to arrest him in violation of § 11-32-1. Pl.'s 1st Am. Compl. ¶ 71-72. This count should be dismissed because the Plaintiff's own admissions prove that there was reason to suspect he may have been involved in a crime and there was probable cause[3] for his arrest of obstructing an officer in the execution of duty under § 11-32-1.

---

[3] Probable cause exists when, at the time of the arrest, the "'facts and circumstances within the officer's knowledge … are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Holder v. Town Of Sandown*, 585 F.3d 500, 504 (1st Cir. 2009). (quoting *Michigan v. DeFillippo*, 443 U.S. 31 (1979). This is an objective inquiry that requires the circumstances to be viewed from the perspective of a reasonable person in the officer's position. *Id.* Probable cause only requires a probability that the defendant committed a crime. *Id.* An officer's conclusion does not need to be ironclad or even highly probable, it only needs to be reasonable. *Id.* The only relevant facts are those known to the officer. *Id.* Probable cause can be decided as a matter of law where facts are not in dispute. *Id.* Here, the facts in the complaint are accepted as true for purpose of this motion to dismiss.

§ 11-32-1 makes it a misdemeanor to obstruct a variety of officers (not just police officers) such as any civil or military officer, police officers or firefighters ***while in the execution of his or her office or duty***, and calls for imprisonment of up to one year or a fine not to exceed $500. Accordingly, a police officer need not be investigating criminal activity for one to obstruct him as long as the person knows he is a police officer and the officer is performing some act pursuant to his office or duty. *Id.* *See also State v. Duffy*, 441 A.2d 524, 524 (R.I. 1982). The purpose of the statute is to afford some guarantee to a public safety officer that he can execute his office without hinderance in an expeditious and efficient manner. *DeFusco v. Brophy*, 311 A.2d 286, 288 (R.I. 1973). Physical acts of obstruction are not required. *Id.* (The verbal interference with efforts of conservation officers to confiscate baskets of quahaugs taken from very shallow and polluted waters in front of the suspect's residence); *see also State v. Duffy*, *supra* (suspect ignored orders of police officer trying to enforce regulation of legislative committee barring signs, placards, or bullhorns from legislative hearing); *State v. Berberian*, 416 A.2d 127 (R.I. 1980) (suspect attempted to remove motorcycle prior to police officer completing his investigation regarding its registration and unlawful operation by the suspect's daughter); *State v. Greenslit*, 135 A.3d 1192 (R.I. 2016) (suspect distracted firefighters in their efforts to investigate fire hazard and remove children from the home by the suspect standing in the stairwell as the firefighters tried to pass, his repeated orders for them to leave his home).

Obstruction in the context of § 11-32-1 is defined as "'to impose obstacles or impediments, to hinder, impede, or in any manner intrude or prevent, and this term does not necessarily imply the employment of direct force or the exercise of direct means.'" *Greenslit* at 1201 (quoting *DeFusco v. Brophy*, *supra)*; *see also, State v. Davis*, 735 S.E.2d 570 (W. Va. 2012) (Davis was convicted of

obstructing an obstruction statute similar to § 11-32-1 by lying to officers who were searching her home for her wanted boyfriend, by telling the officers that he was not located anywhere within the home, when he was in fact hiding in a closet).

If the Plaintiff – who enjoyed a complimentary breakfast only available to Hotel guests and refused to leave the Hotel premises after being asked to leave by the Hotel – was not a guest at the Hotel, then the Plaintiff potentially committed a criminal trespass (R.I.G.L. § 11-44-26) or larceny (R.I.G.L. § 11-41-1). Therefore, it was within the Defendant Officers' duty to determine whether the Plaintiff potentially committed a criminal trespass, larceny, or some other crime while at the Hotel. The Defendant Officers had the authority to detain and ask the Plaintiff for his identification pursuant to R.I.G.L. § 12-7-1 which states in pertinent part:

> A peace officer may detain any person abroad whom he or she has reason to suspect is committing, has committed, or is about to commit a crime, and may demand of the person his or her name, address, business abroad, and destination; and any person who fails to identify himself or herself and explain his or her actions to the satisfaction of the peace officer may be further detained and further questioned and investigated by any peace officer.

The Plaintiff refused to give the police his identification and would not cooperate with the police or Hotel to determine whether he was a guest at the Hotel. The Plaintiff does not allege that any of the Defendant Officers or Hotel employee knew the Plaintiff. After the Plaintiff refused to provide his identification to the police, the Hotel requested that a no trespass order be issued against the Plaintiff. To issue the no trespass order against the Plaintiff, the police needed the Plaintiff's identification.

After the Plaintiff was informed that the Hotel wanted a no trespass order issued against him and that the police needed his identification to issue the no trespass order, the Plaintiff admitted that he refused to provide his identity. This admission proves that there was probable cause to arrest the

Plaintiff for obstructing an officer in the execution of duty under § 11-32-1. *See also Reynoso v. Endres*, No. 22-CV-044-JJM-PAS, 2025 WL 1286012 (D.R.I. May 2, 2025). In *Reynoso*, defendant officers responded to a house party for a noise complaint and the home was previously affixed with an "orange sticker" under Providence Code of Ordinances Ch. 16, Art. I, Sec. 16-21.[4] *Id.* at 1. The plaintiff was standing in the front entranceway of the home and engaged in a conversation with the defendant officers. *Id.* at 2. The plaintiff refused to end the party, refused to provide her identification to police, and tried to close the door on the police. *Id.* The plaintiff was ultimately arrested for obstructing an officer in the execution of duty (§ 11-32-1) and resisting arrest (R.I.G.L. § 12-7-10). *Id.* The defendant officers moved for summary judgment to dismiss the plaintiff's Fourth Amendment claims for unlawful search and seizure, false arrest, and false imprisonment brought under § 1983. *Id.* at 3. The court found that it was pertinent to the defendant officers' investigation to determine the plaintiff's identity because they had reason to believe she organized the party. *Id.* at 3. The court then found that the defendant officers reasonably required the plaintiff to provide identification and the plaintiff's failure to do so obstructed an officer's execution of duty. *Id.* at 4. The court also found that the defendant officers had sufficient probable cause to arrest the plaintiff and granted the defendant officers' motion for summary judgment. *Id.*

Like the plaintiff in *Reynoso*, the Plaintiff here obstructed the Defendant Officers' execution of duty when he refused to provide his identification so that a no trespass order could be issued which hindered the Defendant Officers' ability to issue a no trespass order. The Plaintiff's identification was pertinent to the police investigation to determine whether the Plaintiff was a guest and so that a no trespass order could be issued. The Plaintiff's own admissions belie his allegations that he was

[4] This ordinance requires officers who respond to homes affixed with an orange sticker to determine the person's identity so that the proper person can be cited for the violation.

unreasonably seized, unreasonably detained, and arrested for an invalid reason. Just like the *Reynoso* court dismissed the plaintiff's Fourth Amendment claims, the Defendant Officers here ask that this Court dismiss this count because there was reason to suspect the Plaintiff may have been involved in a crime and there was probable cause to arrest him for obstructing an officer in the execution of duty.

**B. Count VII – Unlawful Discrimination in Violation of Fourteenth Amendment (§ 1983)**

This count alleges that the Defendant Officers caused the Plaintiff to be discriminated against and profiled based on his race. Pl.'s 1st Am. Compl. ¶ 75. This count should be dismissed because there are no factual allegations contained in the complaint to support this claim.

The complaint made two racial references. The first reference is where the plaintiff alleges that he is a black man. Pl.'s 1st Am. Compl. ¶ 16. The second reference is where the Plaintiff alleges that a Hotel employee – Defendant Merriott - used racially derogatory language towards the Plaintiff. *Id.* at ¶ 21. Neither of these references are directed against the Defendant Officers. There are no allegations that race was ever mentioned or discussed by or to the Defendant Officers. There are no factual allegations to support how the Plaintiff's race factored into his arrest. The Defendant Officers were not present when Defendant Merriott allegedly used "racially derogatory language" nor were they made aware of any such allegations. The complaint fails to present any factual allegations as to how the Defendant Officers caused the Plaintiff to be discriminated against and profiled based on his race. This count merely relies on non-factual conclusory allegations. Moreover, the complaint does present allegations to support why the Plaintiff was arrested, which does not involve the Plaintiff's race (*e.g.* obstructing an officer's execution of duty). Accordingly, this count should be dismissed as it fails to state a claim upon which relief may be granted.

**C. Count VIII – Violation of First Amendment (§ 1983)**

This count alleges that the Defendant Officers retaliated against the Plaintiff for exercising his First Amendment right to speak as the Defendant Officers unreasonably prolonged and intensified Plaintiff's detention, arrested him, and caused him to be jailed to retaliate against him for verbally expressing disagreement with them about whether he had a right to remain silent in the face of their questioning about his identity and his exercise of his right to film their conduct. Pl.'s 1st Am. Compl. ¶ 78-80.

The complaint fails to provide any factual allegations to support this count. As previously discussed above, the Defendant Officers had authority to question the Plaintiff as there was reason to suspect he may have committed a crime – criminal trespass or larceny – and probable cause existed to arrest the Plaintiff for obstructing an officer's execution of duty. The Plaintiff was not arrested for filming the officers. The Plaintiff was not arrested for expressing disagreement with police. The complaint alleges that Plaintiff was arrested only after he refused to provide his identification to the police so that a no trespass order could be issued against him. Accordingly, this count relies on non-factual conclusory allegations and should be dismissed as it fails to state a claim upon which relief may be granted.

**D. Count XI – Civil Liability (R.I.G.L. § 42-112-2)**

This count alleges that when the Defendant Officers discovered the Plaintiff's room key before removing him from the Hotel premises, they interfered with his right to contract with the Hotel as enjoyed by non-black citizens in violation of § 42-112-1. Pl.'s 1st Am. Compl. ¶ 95-96. This section states in pertinent part:

> (a) All persons within the state, regardless of race, color, religion, sex, disability, age, or country of ancestral origin, have, except as is otherwise provided or permitted by law, the same rights to make and enforce contracts, to inherit, purchase, to lease, sell, hold, and convey real and personal property, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and are subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) For the purposes of this section, the right to "make and enforce contracts, to inherit, purchase, to lease, sell, hold, and convey real and personal property" includes the making, performance, modification and termination of contracts and rights concerning real or personal property, and the enjoyment of all benefits, terms, and conditions of the contractual and other relationships.

§ 42-112-1. As previously discussed above, the complaint fails to present any factual allegations as to how the Plaintiff's race factored into his arrest by the Defendant Officers. The complaint also fails to present any factual allegations as to how the Defendant Officers interfered with his right to contract with the Hotel based on Plaintiff's race. Also, the mere fact that a room key was discovered does not confirm or deny the Plaintiff's status as a guest at the Hotel. Accordingly, this count should be dismissed as it fails to state a claim upon which relief may be granted and relies on non-factual conclusory allegations.

## V. <u>CONCLUSION</u>

WHEREFORE, the Defendant Officers respectfully ask this Court to grant their Motion to Dismiss for the reasons stated herein, to dismiss Plaintiff's Complaint with prejudice, and to enter judgment in favor of the Defendant Officers.

DEFENDANTS, FACEY,
TAVARES & WAGONER
By their Attorney,

/s/ Connor D. Holliday
Connor D. Holliday, Esq. #10482
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499
EMAIL: cdh@olenn-penza.com

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 30th day of December 2025, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Christian W. Tracy, Esq.
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
ctracy@bbsolaw.com

Jillian H. Barker, Esq.
Steven B. Nelson, Esq.
Senior Assistant City Solicitors
City of Providence
444 Westminster Street, Suite 220
Providence, RI 02903
jbarker@providenceri.gov
snelson@providenceri.gov

Nancy Kelly, Esq.
Gordon Rees Scully Mansukhani, LLP
28 State Street, Suite 1050
Boston, MA 02109
nkelly@grsm.com

Sara E. Sweeney, Esq.
Freeman Mathis & Gary, LLP
One Boston Place, Suite 2200
Boston, MA 02108
sara.sweeney@fmglaw.com

/s/ Connor D. Holliday