UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GEORGE SACKO,<br>*Plaintiff,*<br><br>vs.<br><br>TPG 100 SABIN HOTEL, LLC d/b/a RESIDENCE INN BY MARRIOTT PROVIDENCE DOWNTOWN, JOHNATHAN MERRIOTT, CITY OF PROVIDENCE, by and through its Treasurer Shomari Husband, OFFICER KAYLA FACEY, OFFICER FLAVIO TAVARES, OFFICER ALEXANDER WAGONER, and JOHN DOES 1-5,<br>*Defendants*. | : | C.A. No. 1:25-cv-00496 |

**PLAINTIFF GEORGE SACKO'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEFENDANTS' (OFFICER KAYLA FACEY, OFFICER FLAVIO TAVARES and OFFICER ALEXANDER WAGONER) RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES the Plaintiff George Sacko (hereinafter, the "Plaintiff" and/or "Mr. Sacko), and hereby submits the within memorandum in support of his objection to Defendants, Officer Kayla Facey, Officer Flavio Tavares and Officer Alexander Wagoner's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has alleged four counts against officers Kayla Facey, Flavio Tavares, and Alexander Wagoner (collectively "Defendant Officers"): Count VII – Violation of Fourth Amendment (42 U.S.C. § 1983); Count VII (sic) – Unlawful Discrimination in Violation of Fourteenth Amendment (§ 1983); Count VIII – Violation of First Amendment (§ 1983); and Count XI – Civil Liability (R.I.G.L. § 42-112-2). The Defendant Officer's 12(b)(6) motion to dismiss should be denied as Plaintiff has alleged sufficient facts to plausibly suggest that the Defendant Officers lacked probable cause when arresting Plaintiff, subjected Plaintiff to unlawful discrimination, retaliated against the Plaintiff for exercising his freedom of speech, and unlawfully interfered with his right to contract.

## I. Facts and Travel

As alleged in his Amended Complaint, on September 29, 2024, Mr. Sacko, a black man and guest at the hotel owned and operated by the Defendant TPG 100 Sabin Hotel d/b/a Residence Inn by Marriott Providence Downtown ("Defendant Residence Inn") located in downtown Providence (the "Hotel"), was enjoying the complimentary breakfast to which all Hotel guests were entitled. See Plaintiff's Amended Complaint (hereinafter "**Exhibit A**") at **¶s 16**, **17** and **20**.

Mr. Sacko had been a guest at the Hotel for approximately one month prior to September 29, 2024, due to ongoing repairs at his residence. See **Exhibit A** at **¶ 19**. Mr. Sacko had spent the previous night away from the Hotel, so before sitting down for breakfast, Mr. Sacko "checked in" at the front desk of the Hotel. See **Exhibit A** at **¶ 19**. While enjoying breakfast, Mr. Sacko was approached and confronted by a Defendant Residence Inn employee, Defendant Johnathan Merriott, who, using racially derogatory language, demanded that Mr. Sacko leave the Hotel despite Mr. Sacko repeatedly advising Defendant Merriott that he was a guest at the Hotel. See **Exhibit A** at **¶s 20-22**. When Mr. Sacko refused to leave the Hotel, Defendant Merriott reported Mr. Sacko's refusal to leave to the Providence Police Department ("PPD"). See **Exhibit A** at **¶ 23**.

Upon arrival at the Hotel, Defendant Officer Kayla Facey of the PPD proceeded to question Mr. Sacko, including continuously requesting that he provide her with his name, to which Mr. Sacko repeatedly responded that the Hotel front desk had his name. See **Exhibit A** at **¶ 24**, **27-28**. Mr. Sacko filmed the interaction with Officer Facey and the numerous other PPD officers who had arrived at the Hotel with Officer Facey to investigate Defendant Merriott's complaint. See **Exhibit A** at **¶ 26**. Defendant Officer Facey informed Defendant Merriott that Mr. Sacko refused to provide her with his name and Defendant Merriott requested that a No Trespass order be issued. See **Exhibit A** at **¶ 29**. In the Incident Report generated by the PPD following the interaction between

Mr. Sacko and the members of the PPD who had arrived to investigate Defendant Merriott's complaint, the only reason identified for Defendant Merriott's request for a No Trespass order was that Mr. Sacko had refused to provide his identity. See **Exhibit A** at ¶ **30**. When Office Facey again asked Mr. Sacko to provide her with his identity for purposes of issuing a No Trespass order, Mr. Sacko continued to refuse to provide his name by continuing to exercise his Fifth Amendment rights. See **Exhibit A** at ¶s **31-32.**

Based on Mr. Sacko's refusal to provide his identity to Officer Facey, Defendant Officer Flavio Tavares decided to place Mr. Sacko under arrest for "obstruction." See **Exhibit A** at ¶ **33.** Mr. Sacko was then handcuffed, searched, and escorted by Officers Facey and Tavares out to Officer Facey's police cruiser located just outside the Hotel. Id.

While searching Mr. Sacko, either Officer Facey and/or Officer Tavares discovered Ms. Sacko's room key issued to him by the Hotel in his pants pocket. See **Exhibit A** at ¶ **34**. Shortly thereafter, Defendant Officer Alexander Wagoner approached Mr. Sacko while he was being detained in Officer Facey's police cruiser and again asked Mr. Sacko to provide his name for the No Trespass order stating that "no arrest would be made" if he provided his identity. See **Exhibit A** at ¶ **35.** When Mr. Sacko declined to provide his identity, Defendant Officer Facey transported Mr. Sacko to the Providence Detention Center, where he was jailed for approximately twelve hours before being released. See **Exhibit A** at ¶s **36-37**. During his detention at the Providence Detention Center, Mr. Sacko was left handcuffed in his cell for an excessive length of time during which he urinated on himself. See **Exhibit A** at ¶s **38-39**. Mr. Sacko was given a Notice to Appear, which charged him with violating R.I. Gen. Laws § 11-32-1 – Obstructing Officer in Execution of Duty, however the charges were dismissed less than a month after Mr. Sacko's arraignment. See **Exhibit A** at ¶ **40**.

Plaintiff filed the instant action alleging numerous counts against the various individuals and entities involved in the above-described incident. See **Exhibit A**. In their initial responsive pleading to Plaintiff's Amended Complaint, Defendant Officers filed the instant Rule 12(b)(6) motion to dismiss Plaintiff's Count VII – Violation of Fourth Amendment (42 U.S.C. § 1983); Count VII (sic) – Unlawful Discrimination in Violation of Fourteenth Amendment (§ 1983); Count VIII – Violation of First Amendment (§ 1983); and Count XI – Civil Liability (R.I.G.L. § 42-112-2) for failure to state a claim.

## II. Legal Standard

"While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain more than a rote recital of the elements of a cause of action." Rodríguez–Reyes v. Molina–Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013). "Rather, it 'must contain sufficient factual matter to state a claim to relief that is plausible on its face.'" Id. (citing Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir.2012)). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 569, n.14(2007)). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio–hernÁndez v. FortuÑo–burset, 640 F.3d 1, 12 (1st Cir. 2011). "A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss." Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010).

## III. Argument

### A. *The Investigating Officers did not have probable cause to arrest Mr. Sacko based only on his failure to provide his identification.*

Plaintiff Sacko sufficiently alleged facts that tend to show that the Investigating Officers did not have probable cause to arrest him based on his refusal to provide his identity. See **Exhibit A;** BeVier v. Hucal**,** 806 F.2d 123, 128 (7th Cir. 1986). The "First Circuit has indicated, claims under § 1983 for false arrest are a "subset" of claims under § 1983 for false imprisonment. Rodrigues v. Dolan, C. A. 22-cv-138-JJM-PAS (D. R.I. Oct 21, 2025). "To prevail on these types of claims, a plaintiff must assert that the police lacked probable cause to believe that a plaintiff committed a crime." Id. "The Fourth Amendment right to be free from unreasonable seizures of the person demands that an arrest be supported by probable cause." Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). "Probable cause for an arrest exists when the arresting officer, acting upon apparently trustworthy information, reasonably concludes that a crime has been (or is about to be) committed and that the putative arrestee likely is one of the perpetrators." Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 9 (1st Cir. 2004). "Where '*there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them,' the existence of probable cause for an arrest is an issue for the jury*; on the other hand, where the historical facts are established or undisputed, the issue becomes a mixed question of law and fact suitable for determination by the court." Nuon v. City of Lowell, 768 F.Supp.2d 323, 330 (D. Mass. 2011) (quoting Maxwell v. City of Indianapolis, 998 F.2d 431, 434 (7th Cir. 1993) (emphasis added).

***i. The Defendant Officers did not have probable cause to believe that Plaintiff Sacko was committing criminal trespass as the Defendant Officers arrested Plaintiff before asking him to leave the Hotel.***

Mr. Sacko's identification was not necessary for the entry of a no-trespass order. See Ware v. Cranston Pub. Schs., C. A. 24-348JJM, 12 (D. R.I. May 30, 2025). "Rhode Island law …. does not create any formal requirement for how to give the no-trespass notice." Id. The Defendant Officers' reliance on Reynoso v. Endres is misplaced as the ordinance at issue in that case ***required*** officers, who respond to homes affixed with an orange sticker, to determine the person's identity so that the proper person can be cited for the violation. No. 22-CV-044-JJM-PAS, 2025 WL 1286012 (D.R.I. May 2, 2025). The "identity" requirement is notably absent for the issuance of a no-trespass order. Compare Ware, C. A. 24-348JJM, 12; Reynoso, No. 22-CV-044-JJM-PAS, 2025 WL 1286012.

"Reasonable avenues of investigation must be pursued especially when, as here, it is unclear whether a crime had even taken place. BeVier, 806 F.2d at 128. In reviewing Plaintiff's Amended Complaint, at no point did Plaintiff allege that the Defendant Officers asked him to leave the Hotel. **Exhibit A**. Additionally, Mr. Sacko informed Defendant Officer Facey that the front desk had his name. **Exhibit A** at **¶ 27**. R.I.G.L. § 12-7-1. Temporary detention of suspects, states:

> A peace officer may detain any person abroad whom he or she *has reason to suspect is committing, has committed, or is about to commit a crime*, and may demand of the person his or her name, address, business abroad, and destination; and any person who fails to identify himself or herself and explain his or her actions to the satisfaction of the peace officer may be further detained and further questioned and investigated by any peace officer.

R.I.G.L. § 12-7-1[1]. How would the Defendant Officers reasonably suspect that Mr. Sacko was committing or about to commit criminal trespass if they did not ask him to leave the Hotel? How

[1] Stop and identify laws are subject to increased political interest in light of the Trump Administration' deportation initiatives.

The Defendant Officers could not reasonably suspect that Mr. Sacko was committing or about to commit criminal trespass without checking with the front desk about his status as a guest at the Hotel? See BeVier, 806 F.2d at 128.

ii. ***In his request for a No Trespass Order, Defendant Merriott only stated that Plaintiff refused to provide his identity. Therefore, the Defendant Officers could not have probable cause to believe Plaintiff was committing grand larceny.***

As alleged in the Amended Complaint, the only reason identified in Defendant Merriott's request for a No Trespass order was based upon Mr. Sacko's refusal to provide his identity. **Exhibit A**. In the Hotel's request that a no-trespass order be issued there was no complaint made to the Defendant Officers that Mr. Sacko stole his breakfast. **Exhibit A** at **¶ 30**. During Defendant Officer Facey and/or Tavares' search of Mr. Sacko, the officer(s) discovered Mr. Sacko's room key issued to him by Defendant Residence Inn for his stay at the Hotel. **Exhibit A** at **¶ 34**. Following his arrest, Mr. Sacko was given a Notice to Appear, which charged him with violating R.I. Gen. Laws § 11-32-1 – Obstructing Officer in Execution of Duty, however, the charges were dismissed less than a month after Mr. Sacko's arraignment. **Exhibit A** at **¶ 40**.

"Probable cause is based on the totality of the circumstances, and requires reasonably trustworthy information that would lead a reasonable officer to believe that the person about to be arrested has committed or is about to commit a crime." Cortez v. McCauley, 478 F.3d 1108, 1122 (10th Cir. 2007). "The continuation of even a lawful arrest violates the Fourth Amendment when the police discover additional facts dissipating their earlier probable cause." BeVier, 806 F.2d at 128. "*To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice*." Brinegar v. United States, 338 U.S. 160, 176 (1949) (emphasis added).

Here, the Amended Complaint alleges that Mr. Sacko was being asked his identity for purposes of issuing a no-trespass order, he was not being investigated for grand larceny. **Exhibit**

**A** at **¶ 33**. Even after finding his room key, the Defendant Officers continued with their arrest. **Exhibit A** at **¶ 34**. Clearly, the argument that the Defendant Officers had probable cause to suspect Ms. Sacko was committing grand larceny is the product of hindsight rather than reasonableness at the scene of the alleged incident. See BeVier, 806 F.2d at 128.

***B. The Defendant Officers subjected Plaintiff to unlawful discrimination in violation of Fourteenth Amendment.***

Since Mr. Sacko has pled his "protected status" as a black man, "the Complaint need only allege that his differential treatment was 'based on impermissible considerations such as race.'" See Fosu v. Univ. of R.I., 590 F.Supp.3d 451, 459 (D. R.I. 2022) (quoting Rubinovitz v. Rogato, 60 F.3d 906, 909-10 (1st Cir. 1995)). "To survive a motion to dismiss this claim, he must plead that (1) he was treated differently than others similarly situated, and (2) that the motivation behind the different treatment was based on race." Id. "Put another way, the key question is whether plaintiff[] assembled specific facts adequate to show or raise a plausible inference that [he] [was] subjected to race-based discrimination." Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989). Mr. Sacko pled that he was "discriminated against and profiled based on his race in derogation of his constitutional right to be free from unlawful racial discrimination and profiling. Since Mr. Sacko alleged that he was black and that he was subject to profiling and discrimination his Amended Complaint puts forth sufficient allegations to plausibly support Count VII (sic) – Unlawful Discrimination in Violation of Fourteenth Amendment (§ 1983). See Fosu, 590 F.Supp.3d 451, 459 (D. R.I. 2022).

**C. *Plaintiff Sacko alleged that the Defendant Officers retaliated against him for exercising his First Amendment right to speak.***

In his Amended Complaint, Mr. Sacko alleges that he "filmed the interaction with the Providence Police officers on his cell phone throughout the course of their investigation." **Exhibit**

**A** at **¶ 26**. Mr. Sacko further alleged that "Defendant Officers Facey, Tavares, and Wagoner unreasonably prolonged and intensified Mr. Sacko's detention, arrested him, and caused him to be jailed to interfere with and retaliate against his exercise of his right to film their conduct during their investigatory stop." **Exhibit A** at **¶ 80**. As set forth above, the Defendant Officers did not have probable cause to arrest Mr. Sacko for declining to provide his identity. "[N]o probable cause for the underlying criminal charge will tend to reinforce the retaliation evidence." Nieves v. Bartlett, 139 S. Ct. 1715, 1723 (2019). Mr. Sacko filming the Defendant Officers and the lack of probable cause tends to "reinforce the retaliation evidence." See Id. As such, Count VIII – Violation of First Amendment (§ 1983), of Mr. Sacko's Amended Complaint is plausible.

**D. *Defendant Officer Flavio Tavares' decision to place Mr. Sacko, a Black man, under arrest for "obstruction" was without probable cause and constituted race-based discrimination.***

As is argued above, Defendant Officer Flavio Tavares' decision to place Mr. Sacko, a Black man, under arrest for "obstruction" was without probable cause and constituted race-based discrimination. Taking these arguments into account and accepting same as constituting sufficient facts to plausibly suggest that Mr. Sacko was subjected to unlawful discrimination by the Defendant Officers while at the Hotel on September 29, 2024, Defendant Officer's arrest of Mr. Sacko, in turn, constituted a denial of Mr. Sacko's right to make and enforce contracts that are afforded "all persons within the state, regardless of race." R.I. Gen. Laws § 42-112-1. Specifically, Mr. Sacko has alleged in his Amended Complaint that while he was a guest at the Hotel, the Defendant Officers handcuffed him, arrested him, searched him, and removed him from the Hotel. See **Exhibit A** at **¶¶ 17, 20 and 33**. These factual allegations more than sufficiently state a claim that are plausible on their face for relief for violations of R.I. Gen. Laws § 42-112-1. Mr. Sacko was subjected to unlawful race-based discrimination that interfered with his right to enjoy the

benefits of his contract with the Hotel. See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013).

Defendant Officers aver in Section D of their Memorandum that there may be some question as to Mr. Sacko's "status as a guest at the Hotel." Defendant Officers asseverate that "a room key was discovered [on Mr. Sacko's person] does not confirm or deny [Mr. Sacko's] status as a guest at the Hotel." Defendant Officers ask the Court to infer that Mr. Sacko may not therefore be afforded the protections he is entitled to under R.I. Gen. Laws § 42-112-1 if he was not a party to a contract with the Hotel at the time of his arrest, and removal. Any such inference would be improper as, for purposes of the instant Rule 12(b)(6) motion, Mr. Sacko's status as a guest at the Hotel on the date of his arrest and removal is accepted as true. Mr. Sacko has expressly alleged in his Amended Complaint that he was a guest at the Hotel at the time of his arrest by the Defendant Officers. See **Exhibit A** at **¶¶ 17 and 20**. Defendant Officers' attempt to rely on such an inference to suggest that Mr. Sacko was not entitled to the protections of R.I. Gen. Laws § 42-112-1 is further undermined by Mr. Sacko's factual allegation that while being questioned prior to his arrest he "informed Defendant Officer Facey that the [Hotel] front desk had his name." See **Exhibit A** at **¶ 27**.

For purposes of Defendant Officers' Motion to Dismiss, Mr. Sacko had a contractual relationship with the Hotel entitling him to all of the benefits of being a guest at the Hotel, which included not only the right to be on the Hotel premises, but also the right to enjoy the complementary breakfast provided to Hotel guests. Therefore, when Defendant Officers wrongfully arrested him and wrongfully removed him from the Hotel on the basis of alleged unlawful discrimination, they interfered with his right to enjoy the benefits of his contract with the Hotel in violation of R.I. Gen. Laws § 42-112-1.

## IV. Conclusion

Defendants, Officer Kayla Facey, Officer Flavio Tavares and Officer Alexander Wagoner's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied as Plaintiff has alleged sufficient facts to plausibly suggest that the Defendant Officers lacked probable cause when arresting Plaintiff, subjected Plaintiff to unlawful discrimination, retaliated against the Plaintiff for exercising his freedom of speech, and unlawfully interred with his right to contract.

WHEREFORE, for all the reasons outlined herein, Defendants, Officer Kayla Facey, Officer Flavio Tavares and Officer Alexander Wagoner's Motion to Dismiss Pursuant to Rule 12(b)(6) should be denied.

Plaintiff, George Sacko,
By his Attorneys,

/s/ Christian W. Tracy
Christian W. Tracy, Esq. Bar No. 9797
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
Telephone: 401.223.2990
Facsimile: 877.548.4539
Email: ctracy@bbsolaw.com

## CERTIFICATION

I hereby certify that on this 27th day of January, 2026, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Steven B. Nelson, Esq.

Senior Assistant City Solicitor
Jillian H. Barker, Esq.
Senior Assistant City Solicitor
444 Westminster Street, Suite 220
Providence, Rhode Island 02903
snelson@providenceri.gov
jbarker@providenceri.gov

Michael Colucci, Esq.
Connor D. Holliday, Esq.
Olenn & Penza LLP
530 Greenwich Avenue
Warwick, Rhode Island 02886
mjc@olenn-penza.com
cdh@olenn-penza.com

Nancy Kelly, Esq.
Gordon Rees Scully Mansukhani, LLP
28 State Street, Suite 1050
Boston, MA 02109
nkelly@grsm.com

Sara E. Sweeney, Esq.
Freeman Mathis & Gary, LLP
One Boston Place, Suite 2200
Boston, MA 02108
sara.sweeney@fmglaw.com

*/s/* Christian W. Tracy