CDH:maz 95500 \Pleadings\95500 4e Our Reply 1-30-26

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

GEORGE SACKO                                        :

                                                    :

      VS.                                          :      C.A. NO. 1:25-cv-00496

                                                    :

TPG SABIN HOTEL, LLC d/b/a                          :
RESIDENCE INN BY MARRIOT                            :
PROVIDENCE DOWNTOWN, ET AL                          :

### DEFENDANTS' (OFFICER KAYLA FACEY, OFFICER FLAVIO TAVARES AND OFFICER ALEXANDER WAGONER) REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT OFFICERS' MOTION TO DISMISS

**I.    The facts contained in the "Incident Report" generated by the Providence Police Department following this incident should be considered by this Court without converting the Defendant Officers' motion to dismiss into a motion for summary judgment.**

Generally, when ruling on a Rule 12(b)(6) motion to dismiss a court may not consider "any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). However, the following types of documents serve as exceptions to this general rule which allows a court to consider them under a Rule 12(b)(6) motion to dismiss: (1) "documents the authenticity of which are not disputed by the parties," (2) "official public records," and (3) "documents sufficiently referred to in the complaint." *Id.*

> When, as now, a complaint's factual allegations are expressly linked to— and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).

*Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

Here, the Amended Complaint and the Plaintiff's objection to this motion have both sufficiently referred to the Incident Report and relied on the factual allegations contained in the Incident Report. Pl.'s 1st Am. Compl. ¶ 30 and Pl.'s Obj. at 2-3, 7. The Plaintiff has argued that the Incident Report's "only reason identified for Defendant Merriott's request for a No Trespass order was that Mr. Sacko had refused to provide his identity." Pl.'s 1st Am. Compl. ¶ 30 and Pl.'s Obj. at 2-3. The Plaintiff further argued that per the Incident Report, the Hotel made no complaint to the Defendant Officers that the Plaintiff stole breakfast. *See* Pl.'s Obj. at 7. Since the Plaintiff's factual allegations and arguments are expressly linked to and dependent upon the Incident Report, the Court should consider the Incident Report merged into the Amended Complaint and review it in deciding this motion to dismiss. The Incident Report is attached as **Exhibit A**.

The Incident Report's narrative provides clarity as to how the Plaintiff's arrest actually transpired. **Exhibit A**, at 4. The narrative mentions that on September 29, 2024, the Defendant Johnathan Merriott ("Defendant Merriott") told police that he observed the Plaintiff receive a complimentary breakfast offered to hotel guests, and he was unsure if the Plaintiff was a resident of the hotel.[1] *Id.* Defendant Merriott then approached the Plaintiff and asked for his name and room number to ensure he was a guest, but the Plaintiff refused to give his name or room number to hotel staff. *Id.* Given the Plaintiff's refusal to comply, the Providence Police were notified and arrived at the hotel. *Id.* Defendant Officer Kayla Facey spoke to the Plaintiff and explained that the hotel staff wanted to confirm he was a guest since he partook in the hotel's complimentary breakfast. *Id.* After the Plaintiff made it clear that he would not answer any police questions or provide his identification,

---

[1] The Incident Report narrative refers to a "John Doe" because as pointed out by the Plaintiff, the criminal charge of R.I.G.L. § 11-32-1 – obstructing officer in execution of duty – asserted against the Plaintiff was later dismissed. The John Doe mentioned in the narrative section refers to the Plaintiff.

2

Defendant Officer Kayla Facey again spoke to Defendant Merriott who advised that he wanted the Plaintiff to be issued a no trespass. *Id.* Defendant Officer Kayla Facey then asked the Plaintiff for his identification several times so that a no trespass could be issued but the Plaintiff continuously refused to identify himself. *Id.* The Plaintiff was then placed under arrest for obstructing an officer in the execution of duty. *Id.* During the search of the Plaintiff, a hotel key card was found in the Plaintiff's pocket. *Id.* Defendant Officer Alexander Wagoner then approached the Plaintiff and attempted to gather the Plaintiff's name to complete the no trespass form and no arrest would be made for obstruction. *Id.* The Plaintiff was again verbally combative and stated he would not answer any police questions. *Id.*

## II.   Probable cause existed to arrest the Plaintiff.[2]

It is axiomatic that probable cause does not require proof of certainty or proof of guilt. When considering issues of probable cause, the court examines the events leading up to the arrest and decides whether or not the historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. *District of Columbia v. Wesby*, 583 U.S. 48, 56-57 (2018). Probable cause deals with probabilities and depends on the totality of the circumstances. It is a fluid concept that is not readily or even usefully reduced to a neat set of legal rules. *Id.* at 57. It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. *Id.*

Count Seven of the Amended Complaint seeks redress for false arrest pursuant to § 1983. The existence of probable cause defeats such claims. *Acosta v. Ames Department Stores*, 386 F.3d 5, 12 (1st Cir. 2004). For a false arrest claim, it does not matter if the charges for which the Plaintiff was

---

[2] To avoid redundancy, the Defendant Officers will not reiterate all of their arguments in their motion to dismiss rather they incorporate all such arguments into this reply memorandum.

3

arrested were the appropriate charges, as the U.S. Supreme Court reaffirmed in the *Wesby* case (*supra*). Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause for any offense, not just the offense cited at the time of the arrest or booking. *Wesby* at 70 (fn. 2) *citing to Devenpeck v. Alford*, 543 U.S. 146 (2004). Rhode Island state law has long held this same view. R.I.G.L. § 12-7-5 provides that where a lawful cause of arrest exists, the arrest shall be lawful even though the officer made the arrest on an improper ground.

There was probable cause to arrest the Plaintiff for committing a crime. The police were investigating whether a criminal trespass, larceny, or some other crime occurred, and the Plaintiff impeded this investigation. The Plaintiff admittedly refused to obey police commands to provide his identification to confirm his status as a guest at the hotel to determine whether a criminal trespass, larceny, or some other crime was committed. The Plaintiff admittedly refused to obey police commands to provide his identification so that a no trespass could be issued. The Plaintiff's own admissions confirm that probable cause existed to arrest the Plaintiff for committing a crime as he obstructed the Defendant Officers in the execution of their duty in violation of § 11-32-1.

### III. The Plaintiff's arguments that there was no probable cause for the police to believe that the Plaintiff committed a criminal trespass or grand larceny are misplaced.

The Defendant Officers had reason to suspect that the Plaintiff may have committed a criminal trespass, larceny, or some other crime which provided them with authority to initially ask the Plaintiff for his identification pursuant to R.I.G.L. § 12-7-1. This statute allows a peace officer to detain a person who he "has **reason to suspect** is committing, has committed, or is about to commit a crime" which includes asking for the person's identification. The standard set forth in § 12-7-1 is not probable cause. The factual allegations contained in the Amended Complaint and Incident Report confirm that the Plaintiff enjoyed a complimentary breakfast offered only to hotel guests, refused to

provide his identity to the hotel staff and refused leave the hotel premises when asked to leave by hotel staff, and the hotel and its staff could not identify the Plaintiff to confirm his status as a guest at the hotel. Based on this information, the Defendant Officers had reason to suspect the Plaintiff potentially committed a criminal trespass, larceny, or some other crime.

**IV.    The Plaintiff's argument that his identification was not necessary for the entry of a no trespass order is without merit.**

To support this argument the Plaintiff relied on two cases - *Ware v. Cranston Pub. Schs.*, No. CV 24-348JJM, 2025 WL 1549422 (D.R.I. May 30, 2025) and *Reynoso v. Endres*, No. 22-CV-044-JJM-PAS, 2025 WL 1286012 (D.R.I. May 2, 2025). Each case will be addressed in turn.

In *Ware*, pro se plaintiffs challenged a series of no trespass notices that were issued against them from a Cranston School District barring them from the school grounds. No. CV 24-348JJM at 1. The no trespass orders identified the plaintiffs as there were no issues about the plaintiffs' identification, rather there was an issue of whether the plaintiffs received proper notice. *Id.* at 2-5. This is factually different from the case here where the Plaintiff's identification was unknown. This undermines the Plaintiff's reliance on this case and his argument that his identity was not required to issue a no trespass order. How can a no trespass order be issued against an unknown individual? The Plaintiff's identification was certainly required to issue a no trespass order.

The Plaintiff also attempted to distinguish this case from *Reynoso* by arguing that the ordinance at issue in *Reynoso* required officers to determine a person's identity so that the proper person could be cited for a violation. This is not true. The court in *Reynoso* explained:

> While the "orange sticker" ordinance itself does not
> explicitly require police to determine the person's identity, it does
> place liability on the owner of the property, those in control of
> the property where the gathering took place, and the person who
> organized the gathering. So, it was pertinent to their investigation

> to determine Ms. Reynoso's identity because they had reason to believe she organized the party. She refused to provide her identification to Defendant Officers at the scene. Accordingly, because Defendant Officers reasonably required Ms. Reynoso to provide identification and she failed to do so, she effectively obstructed an officer's execution of duty, and Defendant Officers had sufficient probable cause to arrest her.

No. 22-CV-044-JJM-PAS at 6. Here, the Plaintiff's identification was pertinent to the police investigation to determine whether he was a guest at the hotel, whether a crime had been committed, and to issue a no trespass order. The Plaintiff's admitted refusal to provide identification to police on several occasions obstructed the Defendant Officers' investigation.

**V.     The Plaintiff has insufficiently pled that the Defendant Officers subjected him to unlawful discrimination in violation of the Fourteenth Amendment.**

To survive a motion to dismiss for a Fourteenth Amendment equal protection claim, a plaintiff must plead that "(1) he was treated differently than others similarly situated, and (2) that the motivation behind the different treatment was based on race." *Fosu v. Univ. of Rhode Island*, 590 F. Supp. 3d 451, 458-59 (D.R.I. 2022). In *Fosu*, the plaintiff was a black man that taught at URI and alleged that he was treated differently than similarly situated URI professors because he was a black man. *Id.* at 459. The plaintiff in that case alleged he published a declaration to URI officials which expressed opinions on systemic racism, URI's lack of diversity, and racial inequity which led to retaliation of him being placed on administrative leave then ultimately terminated. *Id.* at 456-457. The court found that the complaint was specific enough for allegations of differential treatment as it included allegations that similarly situated co-workers who made similar remarks were not placed on administrative leave. *Id.* at 459. The court also found that the complaint sufficiently pled that race was a consideration in URI's decision to treat the plaintiff different because the complaint alleged lack of diversity among staff, student body, and leadership. *Id.*

6

Unlike the complaint in *Fosu*, the Amended Complaint here fails to provide any such level of specificity. The Amended Complaint fails to provide factual allegations as to how the Plaintiff was treated differently from others similarly situated or that the motivation for such different treatment was based on race. There are two references to the Plaintiff's race. The first reference is where the plaintiff alleges that he is a black man. Pl.'s 1st Am. Compl. ¶ 16. The second reference is where the Plaintiff alleges that a Hotel employee – Defendant Merriott - used racially derogatory language towards the Plaintiff. *Id.* at ¶ 21. Neither of these references are sufficiently pled to support this claim. The Plaintiff has impermissibly relied on conclusory allegations.

## VI.    Conclusion

WHEREFORE, for all the reasons herein and in the Defendant Officers original motion and memorandum, the Defendant Officers respectfully request that their motion to dismiss be granted, that all counts asserted against the Defendant Officers be dismissed with prejudice, and that judgment enter in favor of the Defendant Officers.

DEFENDANTS, FACEY,
TAVARES & WAGONER
By their Attorney,

/s/ Connor D. Holliday
Connor D. Holliday, Esq. #10482
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI  02886
PHONE:  (401) 737-3700
FAX:  (401) 737-5499
EMAIL: cdh@olenn-penza.com

## <u>CERTIFICATION</u>

I hereby certify that I have filed the within with the United States District Court on this 30th day of January 2026, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Christian W. Tracy, Esq.
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
ctracy@bbsolaw.com

Jillian H. Barker, Esq.
Steven B. Nelson, Esq.
Senior Assistant City Solicitors
City of Providence
444 Westminster Street, Suite 220
Providence, RI  02903
jbarker@providenceri.gov
snelson@providenceri.gov

Nancy Kelly, Esq.
Gordon Rees Scully Mansukhani, LLP
28 State Street, Suite 1050
Boston, MA 02109
nkelly@grsm.com

Sara E. Sweeney, Esq.
Freeman Mathis & Gary, LLP
One Boston Place, Suite 2200
Boston, MA 02108
sara.sweeney@fmglaw.com

/s/ Connor D. Holliday

# EXHIBIT A

# Providence Incident Report
# Compact

| | |
|---|---|
| **Print Date/Time:** 11/12/2025 12:06 | Providence Police Department |
| **Login ID:** bauclair | **ORI Number:** RI0040900 |
| **Case Number:** 2024-00081238 | |

## Case Details:

| | | | |
|---|---|---|---|
| **Case Number:** | 2024-00081238 | **Incident Type:** | Disturbance |
| **Location:** | 100 SABIN ST | **Occurred From:** | 09/29/2024 07:38 |
| | Providence,RI 02903 | **Occurred Thru:** | 09/29/2024 07:38 |
| | | **Reported Date:** | 09/29/2024 07:38 Sunday |
| **Reporting Officer ID:** | 60477-Facey | **Status:** New | **Status Date:** 09/29/2024 |
| **Assigned Bureau:** | Patrol | | |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 90Z | 11-32-1 | OBSTRUCTING OFFICER IN EXECUTION OF DUTY | 1 |

**Offense #**   1

| | | | |
|---|---|---|---|
| **Group/ORI:** State | **Crime Code:** 90Z | **Statute:** 11-32-1 | **Counts:** 1 |
| **Description:** OBSTRUCTING OFFICER IN EXECUTION OF DUTY | | **Offense Date:** 09/29/2024 |
| **Scene Code:** Hotel/Motel | | |
| **Offense Status:** Open | **Status Date:** 09/29/2024 | |
| **IBR Seq. No:** 1 | | |

**Weapon Code : None**

## Subjects

| Type | No. | Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|---|
| Other (rpting person, etc.) | 1 | Marriot Hotel | | | | | |
| Suspect | 1 | DOE, JOHN | , | | White | Male | ▪▪▪▪ |

# Providence Incident Report
## Compact

| | | | |
|---|---|---|---|
| **Print Date/Time:** | 11/12/2025 12:06 | | Providence Police Department |
| **Login ID:** | bauclair | **ORI Number:** | RI0040900 |
| **Case Number:** | 2024-00081238 | | |

**Subject #**  **1-Other (rpting person, etc.)**

**Primary:** No
**Name:** Marriot Hotel

**Resident Type:** City          **Resident Status:** Resident

   **Domestic Violence Referrals:**

**Subject #**  **1-Suspect**

**Primary:** No
**Name:** DOE, JOHN

| | | | | | |
|---|---|---|---|---|---|
| | **Suspect Type:** | Arrestee | | | |
| **Race:** | White | **Sex:** | Male | **DOB:** | ▬▬ |
| **Height:** 5ft 5 in | **Weight:** | 160.0 lbs. | **Build:** | Average | |
| **Eyes:** | Unknown (UNK) | **Hair:** | Brown (BRN) | **Age:** | ◼ |

**Resident Type:** City          **Resident Status:** Resident
**Related Offenses**

| Group/ORI | Crime Code | Statute | Description |
|---|---|---|---|
| State | 90Z | 11-32-1 | OBSTRUCTING OFFICER IN EXECUTION OF DUTY |

   **Domestic Violence Referrals:**

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|
| 125120A | DOE, JOHN | 100 SABIN ST Providence,RI 02903 | 09/29/2024 07:48 | Taken into Custody | ◼ |

# Providence Incident Report
# Compact

| | | | | | | |
|---|---|---|---|---|---|---|
| **Print Date/Time:** | 11/12/2025 12:06 | | | | | Providence Police Department |
| **Login ID:** | bauclair | | **ORI Number:** | | | RI0040900 |
| **Case Number:** | 2024-00081238 | | | | | |

**Arrest #**    125120 A

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name:** | DOE, JOHN | | **Date/Time:** | 09/29/2024 07:48 | **Type:** | Taken into Custody | **Status:** Held |
| **Race:** | White | **Sex:** Male | | **DOB:** ▬▬▬ | | | |
| **Height:** | 5ft 5 in | **Weight:** 160.0 lbs. | | **Build:** Average | | | |
| | | **Eyes:** | Unknown (UNK) | **Hair:** Brown (BRN) | | | **Marital:** Unknown |
| | **State:** RI | | | | | | |

**Location:**    100 SABIN ST
Providence,RI 02903

**Age at Arrest:**    ▬▬
   **Resisted Arrest:**    No

| Arresting Officers | Bureau | School Resource Officer | Weapon Codes |
|---|---|---|---|
| 18177-Wagoner | Patrol | No | Unarmed |
| 60477-Facey | Patrol | No | |
| 60491-Milian | Patrol | No | |

**Injury Types**

N. None

**Arrest Charges**

| No. | Group/ORI | Crime Code | Statute | Description |
|---|---|---|---|---|
| 1 | State | 90Z | 11-32-1 | OBSTRUCTING OFFICER IN EXECUTION OF DUTY |

| | | | | |
|---|---|---|---|---|
| **Counts:** | 1 | **Attempt/Commit:** | Committed | |
| **Other ORI:** | No | | | |

## Property

| Date | Code | Type | Make | Model | Description | Tag No. | Item No. |
|---|---|---|---|---|---|---|---|

## Vehicles

| No. Role | Vehicle Type | Year | Make | Model | Color | License Plate | State |
|---|---|---|---|---|---|---|---|

# Narrative

On 9/29/2024 at approximately 0723 hours, I, Ptlw. Facey and Ptlm. Wagoner responded to 100 Sabin St (Marriott Hotel) for a subject refusing to leave.

Upon my arrival I spoke with a Marriott employee, Johnathan Merriott (DOB : ██████ Ph: ██████, who stated he observed a male subject wearing a black t-shirt and blue shorts receiving complimentary breakfast the hotel offers to its guest. Merriott stated that he observed over the course of a few days the same subject was receiving breakfast and was unsure if Doe was a resident of the hotel. Merriott approached the male subject to ask for his name and/or room number to ensure he was a guest. The male refused to give his name or room number to hotel staff. The male then stated "I do not need to tell you my name when I already gave my name the day I checked-in". Merriott informed the male that if he did not comply the police would be informed of this incident.

I then made contact with the male subject who will be referred to as John Doe, inside the hotel lobby area. Upon speaking with Doe he was immediately confrontational with police. While speaking with Doe I explained the hotel staff just wanted to confirm he was a guest of the hotel since he was partaking in their complimentary breakfast. Doe made it very clear to police that he was not going to be answering any questions or providing police with any identification. I then spoke with Merriott who stated he would like the individual to be issued a No Trespass. I then returned to "Doe" and again asked for his identification in order to issue him the No Trespass. After several attempts, Doe continuously refused to identify himself, and at this time, Ptlm. Tavares instructed the male to stand up and he was now being placed under arrest for obstruction, due to failing to identify himself to police. Doe complied and was placed into handcuffs (DL), searched incident to arrest, and placed in the rear of my marked police cruiser.

It should be noted, during the search of "Doe's" person, a Marriot Hotel key card was located in his pocket. Upon learning this, Ptlm. Wagoner approached Doe who was now in the rear of a marked police cruiser and attempted to deescalate the situation and gather the subjects name in order to complete the No Trespass form, and no arrest would be made for Obstruction. Doe was once again verbally combative with police and stated he is not going to be answering any of our questions.

The valet staff approached police and stated the Black Honda Accord bearing RI Registration ██████ was the vehicle "Doe" arrived in and was now obstructing the Valet area and wished for the vehicle to be towed from their property. At this time, Channel 4 was contacted for a tow. East Side towing responded and took possession of the vehicle. Upon running RI Registration ██████ the vehicle came back active to a EXPUNGED-11/03/2025 out of ██████ At this time, it is unclear if John Doe is the same subject as EXPUNGED-11/03/2025 because "Doe" refused to answer police questions.

Due to police being unable to positively identity John Doe, a no trespass form will be completed upon positive identification through "John Doe's" fingerprints from BCI.

Doe was transported to Central Station and held for the next session of court.

SGT Place notified.

BWC activated.

EXPUNGED-11/03/2025-SS

COURT COMPLAINT # 61-2024-08338